255 P.2d 781]

[L. A. No. 21807. In Bank. Apr. 14, 1953.]

FRANCIS EDMONDS, Appellant, v. BOARD OF SUPERVISORS etc., Respondent.

Richard Richards for Appellant.

Harold W. Kennedy, County Counsel, and Edward H. Gaylord, Deputy County Counsel, for Respondent.

SPENCE, J.—Plaintiff sought a writ of review to annul an order of defendant board of supervisors revoking his license to operate a trailer court in a residential area. The trial court sustained the action of the board, and plaintiff appeals.

This action is a companion case to *Edmonds* v. *County of Los Angeles*, L. A. No. 21915, *ante,* p. 642 [255 P.2d 772], this day decided. Consistent with the views expressed therein, the judgment is affirmed.

Gibson, C. J., Shenk, J., and Traynor, J., concurred.

EDMONDS, J.—The principal question presented in this proceeding is whether the board of supervisors had the authority to revoke the petitioner's license to operate a trailer court because he continued his business with 48 units for more than three years after the date of the order made upon his application for a zone variance. The board relies upon

( 903 )

the judgment in *Edmonds* v. *County of Los Angeles, ante,* p. 642 [255 P.2d 772], as authority for revoking the permit.

The appeal is presented upon an agreed statement of facts which states that, following the adoption of a zoning ordinance, Edmonds applied for an exception to it. Thereafter, the board of supervisors granted an exception. "This exception was not accepted by the plaintiff in writing, as its terms required, and the plaintiff proceeded to operate the trailer court without compliance with [the conditions specified in the letter of the regional planning commission of the county of Los Angeles dated October 18, 1946] and under his alleged rights of pre-existing use, subject to change in zoning." The essential provisions of this letter are quoted by me in the companion case.

The trial court assumed that a violation of the zoning ordinance permitted revocation of the license *per se.* The licensing ordinance provides that the board may revoke a license if the licensee "has violated . . . any other ordinance . . . regulating the occupation or business for which such license is issued." Only if the zoning ordinance may be said to be one regulating the occupation or business of operating a trailer court may the license be revoked for its violation. Such a construction is unwarranted.

A zoning ordinance does not regulate the business of conducting a trailer court. It regulates only the use to which designated land may be put. No control of the operation of a business is contemplated by the zoning ordinance, except as it may indirectly affect expansion or the creation of new businesses in the area. Therefore, violation of the zoning ordinance is not a ground for revocation of the business license.

The proper remedy for violation of a zoning ordinance is by injunction, which was granted in the action for declaratory relief, or by criminal sanctions, not by revocation of license. For the reasons stated by me in the companion case, in my opinion the petitioners have a right under the zoning ordinance to continue their nonconforming use of the land for a 20-trailer court. Of course, if they fail to comply with applicable health and safety statutes and ordinances their license to operate that business could be revoked. But they should not be deprived of the right to conduct a business, which is guaranteed to them for 20 years by the zoning ordinance, by revoking their license for a violation of that

ordinance. That would be achieving by an improper remedy what cannot be accomplished by injunction or criminal penalties.

For these reasons, I would reverse the judgment with directions to the trial court to enter a judgment annulling the order of the board.

Carter, J., and Schauer, J., concurred.

Appellant's petition for a rehearing was denied May 14, 1953. Edmonds, J., Carter, J., and Schauer, J., were of the opinion that the petition should be granted.